UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                         2:01-cr-32-FtM-29DNF

EZEQUIEL VELEZ

_____

**<u>ORDER</u>**

This matter comes before the Court on defendant's Pro-se Omnibus Motion (1) For Waiver of Fees to Receive Sertain [sic] Transcripts (2) For Appointment of Counsel (Doc. #131) filed on October 19, 2010.  Defendant seeks copies of transcripts from his plea and sentencing, as well as for the appointment of counsel. Defendant states that his English is poor and the appointment of counsel would provide assistance.  Defendant states that he may file a Motion under 28 U.S.C. § 2255 or 28 U.S.C. § 2241.

The Judgment (Doc. #81) was entered on December 3, 2001, no direct appeal was filed, and no habeas petition under 28 U.S.C. § 2255 has been filed.  The Court does not question that defendant is likely indigent, however nothing is currently pending and the Court is not inclined to appoint counsel for the purpose of determining whether a motion should be filed.  For the same reason, the Court will not provide transcripts at no cost until it is determined that they are required.  It is well settled that "a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is an

indigent." <u>United States v. Herrera</u>, 474 F.2d 1049, 1049 (5th Cir. 1973)(collecting cases).[1] Additionally, defendant is not entitled to access to Court records "for the purpose of *preparing* a collateral attack on a conviction," <u>Hansen v. United States</u>, 956 F.2d 245, 248 (11th Cir. 1992)(emphasis added), or to transcripts, 28 U.S.C. § 753(f).

Defendant states that his plea provided that his federal sentence would run concurrent to his state sentence, however the Bureau of Prisons has informed him that his sentences are to run consecutively. As a result, defendant wishes to withdraw his plea of guilty or otherwise obtain a copy of the transcripts to resolve the issue. Rule 36 of the Federal Rules of Criminal Procedure allows a district court "at any time" to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The agreement regarding concurrent sentences in the Plea Agreement (Doc. #43, p. 2) was deleted and initialed by defendant. Also, the Judgment in a Criminal Case clearly states:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 110 as to each count of conviction, such terms to be served concurrently with each other **and consecutive to the sentences imposed in the Superior**

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**Court of Ponce, Puerto Rico**, in Case Nos. JPD1993G0763, JSC1993G0050, JSC1994G0340, and JSC1994G0341.

The Court has no objection to the sentence being served in a federal facility in Puerto Rico, if available.

The defendant is remanded to the custody of the United States Marshal.

(Doc. #81, p. 2)(emphasis added).  The Court does not find the presence of an error requiring correction at this time, however, a copy of both these documents will be provided to defendant for his own edification.

Accordingly, it is now

**ORDERED:**

1.  Defendant's Pro-se Omnibus Motion (1) For Waiver of Fees to Receive Sertain [sic] Transcripts (2) For Appointment of Counsel (Doc. #131) is **DENIED** as to all relief.

2.  The Clerk shall provide defendant a copy of his Plea Agreement (Doc. #43) and Judgment in a Criminal Case (Doc. #81).

**DONE AND ORDERED** at Fort Myers, Florida, this   5th   day of November, 2010.

JOHN E. STEELE
United States District Judge

Copies:
AUSA
Ezequiel Velez